**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMERICAN ECONOMY INSURANCE COMPANY, an Indiana Corporation,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>NICEFORO HERRERA, individually and doing business as Acapulco's Produce Market; NICHOLAS M. FINTZELBERG doing business as MILNIK TRUST PROPERTIES; LUIS BENITEZ; and JOHANNA BENITEZ, by and through her guardian ad litem, Luis Benitez,<br><br>　　　　　　　　　　　　Defendants. | CASE NO. 06cv2395 WQH (NLS)<br><br>**ORDER**<br><br>(Doc. # 28) |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss the Complaint filed by Defendant Nicholas M. Fintzelberg doing business as Milnik Trust Properties ("Milnik"). (Doc. # 28.)

**I.　Background**

On February 22, 2007, Plaintiff American Economy Insurance Company ("AEI") filed the First Amended Complaint for Declaratory Relief and Rescission ("FAC"). (Doc. # 22.) The FAC alleges as follows:

On January 19, 2006, Defendant Herrera applied for a business owners insurance policy

with AEI. (FAC ¶ 9.) In his application, Herrera represented that his business was a "produce store" and that he did not sell any imported products. (FAC ¶¶ 9-10.) Herrera failed to disclose that he sold penicillin and syringes imported from Mexico to customers in his store. (FAC ¶ 11-12.) AEI issued a business owners insurance policy to Herrera for the Janaury 23, 2006 to January 23, 2007 policy period. (FAC ¶ 14.) Milnik, the landlord of Herrera's store, was named on the policy as an additional insured. (FAC ¶ 14.)

On March 11, 2006, Andrea Suastegui, wife of Defendant Luis Benitez and mother of Defendant Johanna Benitez, entered Herrera's store and purchased, without a prescription, penicillin and a syringe. (FAC ¶ 15.) Suastegui suffered medical distress immediately after injecting the penicillin on March 11, 2006, and died later that day. (FAC ¶ 15.) On July 10, 2006, Defendant Luis Benitez and Defendant Johanna Benitez made a claim with AEI under Herrera's policy for the death of Suastegui. (FAC ¶ 15.)

In the FAC, AEI asserts the following five claims against all Defendants: (1) for declaratory relief for rescission based upon concealment and misrepresentation of material facts; (2) for rescission; (3) for declaratory relief for voidance of the policy based upon concealment and misrepresentation; (4) for declaratory relief that no duty to defend is owed and no duty to indemnify exists for the claim based upon the "professional services" exclusion in the policy; (5) for declaratory relief that no duty to defend is owed and no duty to indemnify exists under the policy for the claim based upon California Civil Code § 1668. (FAC at 1, 4, 5, 6, 8.)

On April 25, 2006, Milnik filed the Motion to Dismiss, arguing that subject-matter jurisdiction does not exist. (Doc. # 28.) AEI opposes the motion. (Doc. # 34.)

**II.   Discussion**

District courts have jurisdiction in civil actions where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). "Generally, the amount in controversy is determined from the face of the pleadings. The sum claimed by the plaintiff controls so long as the claim is made in good faith. To justify dismissal, it must appear to a legal certainty that

the claim is really for less than the jurisdictional amount." *Crum v. Circus Circus Enter.*, 231 F.3d 1129, 1131 (9th Cir. 2000) (quotation and citations omitted).[1]

The FAC alleges that there exists complete diversity between AEI and all Defendants (FAC ¶¶ 1-5), and "[t]he amount in controversy, exclusive of interest and costs, exceeds the sum of $85,000" (FAC ¶ 6). These allegations are sufficient to allege diversity jurisdiction pursuant to 28 U.S.C. § 1332.[2]

California law "permits an insurer to rescind a policy when the insured has misrepresented or concealed material information in connection with obtaining insurance." *TIG, Ins. Co. of Mich. v. Homestore, Inc.*, 137 Cal. App. 4th 749, 755-56 (2006) (citing Cal. Ins. Code § 331). A rescission "effectively renders the policy totally unenforceable from the outset, so that there never was any coverage. . . ." *Atmel Corp. v. St. Paul Fire & Marine*, 426 F. Supp. 2d 1039, 1044 (N.D. Cal. 2005); *see also Imperial Cas. & Indem. Co. v. Sogomonian*, 198 Cal. App. 3d 169, 182 (1988). A rescission extinguishes an insurance policy *ab initio*, "as though it never existed," and those claiming to be insureds "in law, never were insureds under [the] policy of insurance." *Atmel Corp.*, 426 F. Supp. 2d at 1045; *see also Sogomonian*, 198 Cal. App. 3d at 184. Thus, "there is no duty to defend if an insurer has unilaterally rescinded a policy unless and until the rescission has been set aside." *Atmel Corp.*, 426 F.

---

[1] Milnik has not filed a "speaking motion," that is, Milnik has not attacked jurisdiction with extrinsic evidence. *See Trentacosta v. Frontier Pac. Aircraft Indus., Inc.*, 813 F.2d 1553, 1558 (9th Cir. 1987). Because Milnik has made a "facial" attack of jurisdiction, AEI may meet its burden of showing jurisdiction by pleading sufficient allegations to show a proper basis for the Court to assert subject-matter jurisdiction over the action. *See McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); Fed. R. Civ. P. 8(a)(1).

[2] Milnik argues that because the FAC alleges that Defendant Luis Benitez and Defendant Johanna Benitez made a claim with AEI, but the FAC does not allege that they have filed a lawsuit, the amount in controversy is too speculative to satisfy § 1332. (Doc. # 35 at 4.) In support of this argument, Milnik relies upon *General Insurance Co. of America v. Lawrence Walner & Associates*, No. 98C5472, 1999 WL 412645 (N.D. Ill., May 28, 1999). In *Walner*, the court stated:
> [Th]ere is no subject matter jurisdiction over the rescission counts. . . . The instant suit is based on *possible* claims by Walner, and it is only those possible claims that would create an amount in controversy in excess of the jurisdictional amount. However, because possible claims cannot be considered, there is no basis for finding the jurisdictional amount required by 28 U.S.C. § 1332.

*Id.* at *1 (emphasis in original). By contrast, the FAC alleges that the Benitezes have made a claim with AEI for the death of Suastegui. (FAC ¶ 15.) The Benitezes' claim is no longer a "possible" claim, but is alleged to be an actual claim. Therefore, *Walner* is inapposite.

1  Supp. 2d at 1044-46; *see also Sogomonian*, 198 Cal. App. 3d at 182-84.  A rescission avoids
2  liability even on claims pending at the time of rescission.  *See Atmel Corp.*, 426 F. Supp. 2d at
3  1044; *Sogomonian*, 198 Cal. App. 3d at 182.

4  AEI has adequately alleged a rescission action under California law.  The FAC alleges
5  that "the insured has misrepresented or concealed material information in connection with
6  obtaining insurance." *TIG, Ins.*, 137 Cal. App. 4th at 755-56 (citing Cal. Ins. Code § 331).
7  Moreover, a rescission applies "to all insured under the contract, including additional insureds,
8  unless the contract provides otherwise."  Cal. Ins. Code § 650; *see also TIG, Ins.*, 137 Cal.
9  App. 4th at 756; *see also U.S. Specialty Ins. Co. v. Bridge Capital Corp.*, 482 F. Supp. 2d
10 1164, 1169 (C.D. Cal. 2007).  Milnik is alleged to be an additional insured under the policy
11 AEI issued to Herrera.  (FAC ¶ 14.)  Therefore, AEI has stated a rescission claim against
12 Milnik.

13 "Because claims of . . . rescission provide an independent basis for federal diversity
14 jurisdiction, the district court is without discretion to remand or decline to entertain these
15 causes of action.  Indeed, the district court has a 'virtually unflagging' obligation to exercise
16 jurisdiction over these claims."  *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1226 n.6
17 (9th Cir. 1998) (quoting *First State Ins. Co. v. Callan Assoc.*, 113 F.3d 161, 163 (9th Cir.
18 1997)).  Because the FAC adequately alleges diversity jurisdiction, and because Milnik is a
19 proper party to AEI's rescission claim, this Court has a "virtually unflagging" obligation to
20 exercise jurisdiction over Milnik.

21 The sole remaining issue is whether the Court will exercise jurisdiction over AEI's
22 separate claims for declaratory relief.

23 The Declaratory Judgment Act allows a federal court to "declare the rights and other
24 legal relations" of parties to a "case of actual controversy."  28 U.S.C. § 2201; *see also*
25 *Spokane Indian Tribe v. U.S.*, 972 F.2d 1090, 1091 (9th Cir. 1992).  "First, the court must
26 inquire whether there is a case of actual controversy within its jurisdiction.  Jurisdiction to
27 award declaratory relief exists only in a case of actual controversy.  We have held that this
28 requirement is identical to Article III's constitutional case or controversy requirement."  *Am.*

*States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1994) (citations omitted). The test is "whether 'there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 671 (9th Cir. 2004) (quoting *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

The FAC alleges that the Benitezes have made a claim for benefits under the AEI policy issued to Herrera. Coverage under the policy has been implicated, and as to all of the insureds under the policy–including Milnik–there is now more than "an abstract or hypothetical disagreement" over the issues of whether the policy should be declared rescinded (as alleged in the First Claim), or void, (as alleged in the Third Claim), or subject to a policy exclusion (as alleged in the Fourth Claim), or in violation of California public policy (as alleged in the Fifth Claim). *Id.* The Court finds that there is a case or controversy.

"[I]f there is a case or controversy within its jurisdiction, the court must decide whether to exercise that jurisdiction. The statute gives discretion to courts in deciding whether to entertain declaratory judgments; it states that the court '*may* declare the rights . . . of any interested party.'" *Am. States Ins.*, 15 F.3d at 144-45 (quoting 28 U.S.C. § 2201(a) (emphasis added)). However, "when other claims are joined with an action for declaratory relief (e.g., . . . rescission . . .), the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief. If a federal court is required to determine major issues of state law because of the existence of non-discretionary claims, the declaratory action should be retained to avoid piecemeal litigation." *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225-26 (9th Cir. 1998). Therefore, because of the presence of the rescission claim, this Court will retain the claims for declaratory relief in the FAC.

**III.   Conclusion**

The Motion to Dismiss the Complaint (Doc. # 28) is **DENIED**.

DATED: September 11, 2007

                                         **WILLIAM Q. HAYES**
                                         United States District Judge